Harvey **SANDERS** d/b/a Sanders Pump and Supply, Appellant,

v.

Raymond L. **BINGHAM** and Kathy Bingham a/k/a Kathy McCorkle, Appellees,

and

Donald Ray McCombs and Doris Jean McCombs, Defendants.

No. 80793.

Court of Appeals of Oklahoma, Division No. 1.

May 10, 1994.

Certiorari Denied June 22, 1994.

James W. Summerlin, Claremore, for appellant.

G. Waide Sibley, Claremore, for appellees.

### *MEMORANDUM OPINION*

JONES, Judge:

One issue is presented here for consideration: Does the notice requirement of 42 O.S. § 142.1 apply to persons who contract to furnish labor or materials directly with the owner of homestead property and where the owner is directly liable to such person? We hold that it does.

including an attorney's fee, against the defendants.

Appellant, Sanders, entered into an oral contract with Appellees to install a water distribution system on Appellees' homestead property. Appellant was to supply the necessary labor and materials. Although Appellant purchased materials from various vendors Appellant and his employee did most of the labor.

A dispute arose as to the quality of the work and the price to be paid. Appellant then timely filed a labor and materialman's lien pursuant to 42 O.S. § 141 et seq. No prior notice to Appellee property owners had been given as provided for in 42 O.S. § 142.1. Appellant filed suit seeking a money judgment for the value of his services and materials and to foreclose his lien against the property. The McCombs, who were mortgagees of the property, were additional Defendants, but are not parties to this appeal.

Following a non-jury trial, the trial court granted a money judgment to Appellant for the value of his labor and materials. However, the trial court ruled against Appellant on the lien foreclosure claim finding that Appellant had failed to give the required statutory notice to Appellees. On appeal, Appellant argues he was not subject to the notice requirement of 42 O.S. § 142.1.

Section 142.1 provides:

"No lien arising under the provisions of Sections 141 through 153 of this title which affects property presently occupied as a dwelling by an owner shall be enforceable unless, prior to the first performance of labor or the first furnishing of materials by the lien claimant, the original contractor, subcontractor, laborer, or materialman shall have provided to one of the owners a written notice which shall include substantially the following language:

NOTICE TO OWNER

YOU ARE HEREBY NOTIFIED THAT ANY PERSON PERFORMING LABOR ON YOUR PROPERTY OR FURNISHING MATERIALS FOR THE CONSTRUCTION, REPAIR OR IMPROVEMENT OF YOUR PROPERTY WILL BE ENTITLED TO A LIEN AGAINST YOUR PROPERTY IF HE IS NOT PAID IN FULL, EVEN THOUGH YOU MAY HAVE PAID THE FULL CONTRACT PRICE TO YOUR CONTRACTOR. THIS COULD RESULT IN YOUR PAYING FOR LABOR AND MATERIALS TWICE. THIS LIEN CAN BE ENFORCED BY THE SALE OF YOUR PROPERTY. TO AVOID THIS RESULT, YOU MAY DEMAND FROM YOUR CONTRACTOR LIEN WAIVERS FROM ALL PERSONS PERFORMING LABOR OR FURNISHING MATERIALS FOR THE WORK ON YOUR PROPERTY. YOU MAY WITHHOLD PAYMENT TO THE CONTRACTOR IN THE AMOUNT OF ANY UNPAID CLAIMS FOR LABOR OR MATERIALS. YOU ALSO HAVE THE RIGHT TO DEMAND FROM YOUR CONTRACTOR A COMPLETE LIST OF ALL LABORERS AND MATERIALS SUPPLIERS UNDER YOUR CONTRACT, AND THE RIGHT TO DETERMINE FROM THEM IF THEY HAVE BEEN PAID FOR LABOR PERFORMED AND MATERIALS FURNISHED."

Section 142.1, from 1980 until it was amended in 1982, only required notice by the "original contractor". The language "subcontractor, laborer, or materialman" was added in 1982.

Section 142.3 reads:

"Any person who performs labor or furnishes material directly to the owner or owners for use upon property used by them as a dwelling, under circumstances where the owner or owners is, or are, liable directly to the laborers or suppliers, shall not be deemed an original contractor for purposes of this act."

■ Appellant was undisputedly the original contractor. There is also no issue that he performed labor and furnished material directly to the owner. Thus, by the terms of § 142.3 he should not be considered an "original contractor". Appellant argues that his disqualification as an "original contractor" excludes him from the notice requirement of § 142.1. That may have been true prior to the 1982 amendment. However, now even if he is not to be considered an "original contractor", he still qualifies as a laborer or

materialman and would be specifically required to give notice pursuant to § 142.1. It is unclear what purpose § 142.3 now serves, but it does not disqualify Appellant from giving the notice that § 142.1 specifically requires of him.

Appellant contends the purpose of these statutes is to give the property owners notice of who will be performing labor and furnishing materials on his property. And where one contracts directly with the property owner, the owner would have actual notice of such contractor and no additional written notice should be required.

The statutory notice, however, provides much more than the right to the identities of laborers and materialmen. It summarizes the rights of laborers and materialmen to file liens and the consequences of lien foreclosure when lien holders are not paid. It also summarizes the property owner's rights such as to demand lien waivers, withhold payment, and to obtain a list of all laborers and materialmen. The purposes of this statutory notice are not met simply because a contractor has contracted directly with the property owners and the property owner thus knows his identity and the work to be performed. The statutory notice requires much more information be given.

 Section 142.1 gives the property owners the "benefit of a specific pre-enforcement notice of potential materialmen's liens as part of their rights." *C & C Tile and Carpet Co., Inc. v. Aday,* 697 P.2d 175, 178 (Okl.App. 1985). That "notice is also a *prerequisite* to the enforcement of such a lien." *Id.* at 178. Nothing in these statutes implies an intent that Appellant, because he contracted directly with the property owners, should be exempt from this notice requirement. The judgment of the trial court is accordingly affirmed.

AFFIRMED.

HANSEN, J., concurs.

GLENN D. ADAMS, J., dissents.